1  G. Thomas Martin, III, Esq. (SBN 218456)
   **PRICE LAW GROUP, APC**
2  15760 Ventura Blvd., Suite 1100
   Encino, CA  91436
3  T: (818) 907-2030; F: (818) 205-2730
   tom@plglawfirm.com
4
   Attorneys for Plaintiff,
5  CONNIE JONES

6

7                **UNITED STATES DISTRICT COURT**

8                **EASTERN DISTRICT OF CALIFORNIA**

9

10

11  CONNIE JONES

12          Plaintiff,                    Case No.:

13  vs.                                   **COMPLAINT AND DEMAND FOR JURY TRIAL**

14  ER SOLUTIONS, INC.; and DOES 1        **(Unlawful Credit Reporting Practices)**
15  to 10, inclusive,
                                          **Demand Does Not Exceed $10,000**
16          Defendants

17

18

19           **COMPLAINT AND DEMAND FOR JURY TRIAL**

20                       **INTRODUCTION**

21

22      1.  This is an action for actual and statutory damages brought by Plaintiff,

23  Connie Jones, an individual consumer, against Defendant, ER Solutions, Inc., for

24  violations of the law, including, but not limited to, violations of the Fair Debt

25

                              COMPLAINT

Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), which

prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C.

§ 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

Venue in this District is proper in that the Defendant transacts business here.

## PARTIES

3. Plaintiff, Connie Jones, is a natural person with a permanent residence in

Clovis, Fresno County, California 93611.

4. Upon information and belief, the Defendant, ER Solutions, Inc., is a

corporation engaged in the business of collecting debt in this state and in several

other states, with its principal place of business located at 800 SW 39th Street,

Renton, King County, Washington 98057. The principal purpose of Defendant is

the collection of debts in this state and several other states, and Defendant

regularly attempts to collect debts alleged to be due another.

5. Defendant is engaged in the collection of debts from consumers using the

mail and telephone. Defendant regularly attempts to collect consumer debts

alleged to be due to another. Defendant is a "debt collector" as defined by the

FDCPA, 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6.  The debt Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

7.  Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, continued to contact Plaintiff after Plaintiff informed Defendant that Plaintiff was not the alleged debtor that Defendant is looking for, and also after Plaintiff let Defendant know in writing not to contact her again, and also after Defendant was given reason to know that Plaintiff had legal representation.

8.  Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, attempted to communicate with Plaintiff numerous times and with such frequency as to harass and abuse the Plaintiff.

9.  The natural consequences of Defendant's statements and actions were to unjustly condemn and vilify Plaintiff for his non-payment of an alleged debt.

10.  The natural consequences of Defendant's statements and actions were to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

11.  The natural consequences of Defendant's statements and actions were to cause Plaintiff mental distress.

12.  Defendant utilized unfair and unconscionable means to collect on an alleged debt, by continuing to harass Plaintiff after being informed that Plaintiff is not the alleged debtor.

## COUNT I – FIRST CLAIM FOR RELIEF

13.  Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

14.  Defendant violated the FDCPA.  Defendant's violations include, but are not limited to, the following:

(a) Defendant violated *§1692b(2)* of the FDCPA by telling a third party that the Plaintiff owes an alleged debt; and

(b) Defendant violated *§1692b(3)* of the FDCPA by calling a third party more than once without being requested to do so by the third party and without the reasonable belief that an earlier response from the third party was erroneous or incomplete and that now the third party has correct or complete location information; and

(c) Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse

any person in connection with the collection of an alleged debt; and

(d) Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly and/or continuously with the intent to annoy, abuse or harass any person at the called number; and

(e) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt; and

(f) Defendant violated *§1692c(c)* of the FDCPA by continuing to communicate with the Plaintiff after the Plaintiff notified the Defendant in writing that she refuses to pay the alleged debt or that the Plaintiff wishes the Defendant to cease further communication with the Plaintiff and the further communication was not allowed under *§1692c(c)* of the FDCPA.

(g) Defendant violated *§1692c(a)(2)* of the FDCPA by communicating with Plaintiff after the Defendant knows the Plaintiff is represented by an attorney with regard to the alleged debt and has knowledge of, or can readily ascertain, such attorney's name and address, and the attorney has not consented to communication with the Plaintiff

15. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff, Connie Jones, for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

## COUNT II – SECOND CLAIM FOR RELIEF

16. Plaintiff repeats and realleges and incorporates by reference the foregoing paragraphs.

17. Defendant violated the RFDCPA. Defendant's violations include, but are not limited to the following:

        i)      Cal. Civ. Code §1788.11(a);

        ii)     Cal. Civ. Code §1788.11(b);

        iii)    Cal. Civ. Code §1788.11(d);

        iv)    Cal. Civ. Code §1788.11(e);

        v)     Cal. Civ. Code §1788.13(j);

        vi)    Cal. Civ. Code §1788.13(i);

        vii)   Cal Civ Code § 1788.14(c));

        viii)  Cal. Civ. Code §1788.17

18. Cal. Civ. Code §§ 1788.11(a) and (b) state in pertinent part that:

**No debt collector shall attempt to collect a consumer debt by means of the following practices :**

(a)     Using obscene or profane language in a conversation with Plaintiff

…

(b)   Placing telephone calls without disclosure of the caller's identity, provided that an employee of a licensed collection agency may identify himself by using his registered alias name as long as he correctly identifies the agency he represents;


…

(d)   Causing a telephone to ring repeatedly or continuously to annoy the person called; or

(e)   Communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances.


19.    Cal. Civ. Code §§ 1788.13(j) and (i) state in pertinent part that:

No debt collector shall attempt to collect a consumer debt by means of the following practices:

(j)  Falsely representing the true nature of the business or services being rendered by Defendant;

…

(i) Falsely representing that a legal proceeding has been, is about to be, or will be instituted unless payment of a consumer debt is made (Cal Civ Code § 1788.13(j));


20.    Cal. Civ. Code § 1788.14(c) states in pertinent part:

No debt collector shall attempt to collect a consumer debt by means of the following practices:

…

(c) Initiating communications, other than statements of account, with Plaintiff with regard to the consumer debt, where the debt collector has been previously notified in writing by the debtor's attorney that the debtor is represented by such attorney with respect to the consumer debt, and such notice included the attorney's name and address and a request by such attorney that

**all communications regarding the consumer debt be addressed to such attorney, and where the attorney has not failed to answer correspondence, return telephone calls, or discuss the obligation in question.  (Cal Civ Code § 1788.14(c));**

21.    Cal. Civ. Code § 1788.17 states in pertinent part that:

**Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code. However, subsection (11) of Section 1692e and Section 1692g shall not apply to any person specified in paragraphs (A) and (B) of subsection (6) of Section 1692a of Title 15 of the United States Code or that person's principal. The references to federal codes in this section refer to those codes as they read January 1, 2001.**

22.  Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

23.  As a result of the foregoing violations of the RFDCPA, Defendant is liable to the plaintiff Connie Jones for actual damages, statutory damages, and costs and attorney fees.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant, ER Solutions, Inc., for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA and RFDCPA.

B. Actual damages.

C. Statutory damages.

D. Costs and reasonable attorney fees.

E. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

F. For such other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED,

DATED: August 31, 2012

**PRICE LAW GROUP APC**

By:_____

G. Thomas Martin, III
Attorney for Plaintiff

## <u>DEMAND FOR JURY TRIAL</u>

PLEASE TAKE NOTICE that Plaintiff, Connie Jones, demands trial by jury in this action.

COMPLAINT